The Association of Plumbing and Heating Contractors of Greater New York, Inc., Appellant, *v.* William Merten, Respondent.

First Department, March 21, 1941.

*Martin Gottlieb* of counsel [*Arthur Steinberg* with him on the brief], for the appellant.

*William A. Morges,* for the respondent.

UNTERMYER, J. This action, involving important questions arising under the New York State Labor Relations Act (Labor Law, §§ 700–716), was instituted in the Municipal Court of the City of New York to recover the sum of $500 under a contract between the plaintiff, an association of employers engaged in the plumbing industry, and the defendant, one of its members. The justice before whom the action was tried in an opinion (173 Misc. 448) directed a verdict in favor of the defendant, holding that the contract was in violation of the New York State Labor Relations Act. By a divided court the Appellate Term affirmed, without opinion.

During the year ending May 31, 1939, the plaintiff association had a contract with the "United Association of Journeymen Plumbers and Steam Fitters of the United States and Canada, Local 463 Auxiliary," which regulated various aspects of the relationship between members of the association and members of the union employed by them. In April, 1939, shortly before the contract with the union expired, the membership of the association passed several resolutions which on May 10, 1939, were reduced to writing and signed by members, including the defendant. For the violation of that contract this action was maintained.

The contract contained, among others, the following provisions:

" That no member of the Association should sign an individual agreement with the Union at any time," and that

" No member of the Association should employ any member of the Union with whom we have or had contractual relations, with or without a contract, during a strike or lockout without permission of the Association, such permission to be granted only upon a motion passed at a regular or special meeting of the Association."

It was further provided that the breach of any of these provisions would subject the offending member to a fine of $500.

Thereafter the union advised the association that upon the expiration of the contract then existing with the association and expiring on May 31, 1939, it would decline to deal with the association as the representative of its members and would insist upon negotiating directly with the individual employers. The membership refused this demand and insisted upon negotiating exclusively through the association. Thereupon a strike occurred in the defendant's shop and in the shops of others which was followed by picketing by members of the union. Soon thereafter the defendant, in violation of his agreement with the association, as it is alleged, entered into an individual labor contract with the union for the rehiring of his striking employees. The association thereupon imposed a fine of $500 on the defendant, for the enforcement of which this action is maintained.

The Municipal Court has held that the defendant's agreement to abstain from negotiating with the union except through the agency of the association constitutes a violation of the New York State Labor Relations Act and is, therefore, unenforcible. In other words, that although employers must recognize the right of employees to bargain collectively, it is unlawful for employers even to attempt to do so. We find nothing in the Labor Relations Act which sustains these conclusions nor do we perceive any reason to prohibit a practice which has contributed so greatly to harmony and stability in labor relations. We do not suggest, of course, that employees are constrained by law to bargain with the agency which employers select. To that extent the rights of an employer are not commensurate with the rights of those whom he employs. We only hold that employers may lawfully unite in designating a common agent for the purpose of negotiation and, within limitations presently to be considered, render such a designation effective among themselves. So long as their agent performs the duty with which the employer is charged by law (Labor Relations Act, § 704, subd. 6) to bargain fairly with representatives of employees, neither employees nor their representatives have reason to complain.

There is no provision in the Labor Relations Act which precludes employers from negotiating with employees through an agent, and if the employer be a corporation such negotiations, necessarily, can be conducted in no other way. There is no provision in that act, nor elsewhere, which prohibits a group of employers from negotiating through a common agent who may thus commit a substantial part of an entire industry to the observance of specified labor standards. If it had been the intention of the act to prohibit that practice, it is fair to assume that, with knowledge of the existence of so many employer associations organized for the purpose of collective bargaining, the Legislature would have included such arrangements among the unfair labor practices which are enumerated in section 704. Such a prohibition should not be imported into the statute upon inference alone. To outlaw agreements whereby employers may unite in negotiating with employees would, as experience has demonstrated, prevent the attainment of uniformity of labor standards and in many instances substitute chaos for order to the detriment of all parties concerned.

It is true that the Labor Relations Act (§ 704) provides that " an employer " shall bargain collectively with representatives of employees. From that circumstance the Municipal Court and the Appellate Term appear to have inferred that the employer must conduct such negotiations in person. But, as we have already said, there is no indication of an intention to prohibit an employer or a

group of employers from conducting negotiations through an agent or a common agent. Indeed, the New York State Labor Relations Act by definition of the term " employer " seems expressly to authorize such an agency, for it provides that " when used in this article: * * * the term ' employer ' includes any person acting on behalf of or in the interest of an employer, directly or indirectly * * * " (§ 701). Accordingly, when it is provided by section 704 of the act that " an employer " shall bargain collectively with representatives of employees, it must signify, by express statutory definition, that he may do so through the agency of any person acting in his behalf. We conclude, therefore, that the contract is not rendered unenforcible merely because it required the defendant to conduct negotiations with the union exclusively through the plaintiff association.

We are of opinion, however, that the determination of the Appellate Term must be affirmed upon the ground that the prohibition against employment, during a strike or lockout, of any member of a union with which the association has or had contractual relations without permission of the association, constitutes a violation of the Labor Relations Act and renders the contract unenforcible. It seems evident that this provision, which would preclude an employer from rehiring an employee who has been on strike without permission of the association, but which allows him to hire others without restriction of any kind, constitutes a discrimination against striking employees. Such discrimination against " any individual whose employment has ceased as a consequence of, or in connection with, any current labor dispute " (Labor Relations Act, § 701, subd. 3) constitutes an unfair labor practice under subdivisions 5 and 10 of section 704 of the act in that it tends to " discourage membership in any labor organization, by discrimination in regard to hire or tenure or in any term or condition of employment." It is likewise a violation of section 703 of that act. (Compare *Labor Board* v. *Mackay Co.*, 304 U. S. 333.) Quite apart from the circumstance that such a provision appears to have no purpose except to discriminate among striking employees, it operates as a discrimination against all employees who have struck. During a strike or lockout any worker may be hired without the consent of the association except one who is on strike and he may not be rehired without permission granted at a regular or special meeting. Employees who have struck are thus singled out for special and unfavorable treatment by the parties. Thereby a disability applicable to strikers is created which does not apply to others and which constitutes discrimination in a " term or condition of employment." Since the

provision relating to the re-employment of striking employees is an essential part of the contract for the violation of which the fine was imposed, the entire contract is thereby rendered unenforcible.

No doubt the inquiry will suggest itself, how may an association of employers enforce a contract by which members bind themselves not to negotiate individually if they may not place such a limitation on the rehiring of striking employees? The answer is, that the employer during the period of a strike is not precluded from protecting his business by employing others to take the places left vacant by strikers through an organization created for that purpose, but that neither he nor his agent may discriminate against those who have struck by refusing to employ them on equal terms.

For these reasons the determination of the Appellate Term should be affirmed, with costs.

O'MALLEY, TOWNLEY and GLENNON, JJ., concur; MARTIN, P. J., dissents.

MARTIN, P. J. (dissenting). I agree that there is nothing in the New York State Labor Relations Act which prohibits an employers' association from acting as agent for an employer in dealing with employees.

As to the agreement under review here, I cannot agree with the construction which renders it unlawful as discriminatory. The agreement itself makes no discrimination between union and non-union employees. It provides that during a strike or lockout an employer will not employ, without permission of the association, any member of the union with whom the association has or had contractual relations. Until the association withholds its permission there is no occasion for an employer to differentiate. It may not be said that permission will not be granted upon request.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and judgment directed in favor of the plaintiff for $500, and interest, together with costs.

Determination affirmed, with costs and disbursements.